**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

| | |
|---|---|
| ResCap Liquidating Trust,<br><br>Plaintiff,<br><br>v.<br><br>LendingTree, LLC, and<br>Lending Tree, Inc.<br><br>Defendants. | Case No. 19-cv-2360 (SRN/HB)<br><br>**ORDER** |

Isaac Nesser, Peter Evan Calamari, and Manisha M. Sheth, Quinn Emanuel Urquhart & Sullivan, LLP, 51 Madison Ave., 22nd Floor, New York, NY 10010; Matthew R. Scheck and Kenneth John Shaffer, Quinn Emanuel Urquhart & Sullivan, LLP, 865 S. Figueroa St., 10th Floor, Los Angeles, CA 90017; Donald G. Heeman, Jessica J. Nelson, and Randi J. Winter, Spencer Fane, 150 S. 5th St., Suite 1900, Minneapolis, MN 55402, for Plaintiff

Kelly G. Laudon and Matthew Enriquez, Jones Day, 90 S. 7th St., Ste. 4950, Minneapolis, MN 55402; Brandy Hutton Ranjan and Matthew Corcoran, Jones Day, 325 John H. McConnell Blvd., Ste. 600, Columbus, OH 43215; Carl E. Black, Jones Day, 901 Lakeside Ave., North Point, Cleveland, OH 44114, for Defendants

---

SUSAN RICHARD NELSON, United States District Judge

Before the Court is a letter request [Doc. No. 35] filed by Plaintiff ResCap Liquidating Trust ("ResCap"), seeking an initial case management and scheduling conference pursuant to Federal Rule of Civil Procedure 16. (Pl.'s Letter at 1.) Plaintiff requests that the conference be held on December 2, 2016, in coordination with ResCap's counsel's appearance at the case management conference and hearing scheduled that day in ResCap's case against Primary Residential Mortgage, Inc.

In response to ResCap's earlier letter request [Doc. No. 26] of September 29, 2019, the Court deferred scheduling a Rule 16 conference because Defendants had not yet responded to the Complaint. (Oct. 2, 2019 Order [Doc. No. 28] at 2.) On October 17, 2019, Defendants responded by filing a partial motion to dismiss the Complaint, or in the alternative, to compel arbitration and seek a stay pending arbitration.

ResCap renews its request for a Rule 16 conference. It notes that Defendants' motion only moves to dismiss two of the three counts in the Complaint, and argues that a request to stay all discovery pending resolution of the motion is inappropriate. (Pl.'s Letter at 1–2.) ResCap notes that even if Count One were subject to arbitration, as Defendants argue, the parties would still need to exchange discovery concerning that count. (*Id.* at 2.) Finally, Plaintiff asserts that Home Loan Center's "strategic bankruptcy" and Defendants' request for a stay are the "latest examples" of Defendants' "attempts to drag this out even further and avoid paying Plaintiff what they owe." (*Id.*)

In response, Defendants argue that there is good cause to defer scheduling a Rule 16 conference because of their pending motion. (Def.'s Response [Doc. No. 40] at 1–2.) Particularly in light of their alternative request for a stay pending arbitration, Defendants contend that discovery should not commence until the Court issues a ruling. (*Id.* at 2.) They assert that if the parties were to conduct discovery now, they would be forced to participate in potentially unnecessary and costly discovery. (*Id.* at 2–3.) In addition, they argue that they would have inadequate time in which to prepare for a Rule 16 conference on December 2. (*Id.* at 2.) They assert that Plaintiff will suffer no prejudice in a "modest delay of discovery." (*Id.* at 4.) Nevertheless, if the Court finds that discovery should

2

proceed, Defendants request that the Rule 16 conference be held to coincide with the January 23, 2020 case management conference in *In re ResCap Liquidating Trust Litigation*. (*Id.* at 5.)

The Court finds that holding a Rule 16 conference prior to ruling on Defendants' pending motion is appropriate. Plaintiff has an important interest in moving this case forward expeditiously. Likewise, Defendants have an important interest in having adequate time to prepare for a Rule 16 conference. Therefore, the parties may schedule a Rule 16 conference either to be held via teleconference the week of December 16, 2019, or in person on January 10, 2020, at the conclusion of oral argument on the pending motion to dismiss.

**THEREFORE, IT IS HEREBY ORDERED THAT**:

Plaintiff's Letter Request [Doc. No. 35] to schedule an initial case management and scheduling conference pursuant to Rule 16 is **GRANTED in part and DENIED in part**.

Dated: November 7, 2019          s/Susan Richard Nelson
                                 SUSAN RICHARD NELSON
                                 United States District Judge